UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ART VAN FURNITURE, LLC,

    Plaintiff,                                  Civil Action No. 19-CV-10880

vs.                                         HON. BERNARD A. FRIEDMAN

NEIL ZIMMER,
KINGSWERE FURNITURE, LLC, and
ASHLEY FURNITURE INDUSTRIES, INC.,

    Defendants.

_____/

**OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 17]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a breach of contract and tortious interference case. Subject matter jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a). According to the complaint, plaintiff is a citizen of Michigan, defendant Zimmer is a citizen of Florida and New York, and defendants Ashley Furniture, LLC and Kingswere Furniture, LLC are citizens of Wisconsin. Compl. ¶¶ 12-15. Defendants seek dismissal for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that diversity is lacking because Zimmer is a citizen of Michigan, not New York or Florida. Alternatively, defendants seek dismissal of the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The legal standards applicable to defendants' jurisdictional challenge are well known. As one respected treatise has commented,

> the extensive case law on this subject makes clear that the burden of proof on a Rule 12(b)(1) motion is on the party asserting that subject matter jurisdiction exists, which, of course, typically is the plaintiff. . . . If jurisdiction is based on diversity of citizenship, . . . the pleader must show that real and complete diversity exists between all of the plaintiffs and all of the defendants.

5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, pp. 211-36 (2004). When defendants challenge subject matter jurisdiction, plaintiff must support the complaint's jurisdictional averments with "competent proof" and demonstrate the existence of jurisdiction "by a preponderance of evidence." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Further, "on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes" and "the parties are free to supplement the record by affidavits." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986) (citations omitted).

In the present case, the dispute concerns the state of which Zimmer is a citizen. As the Sixth Circuit has noted, "[s]tate citizenship for the purpose of the diversity requirement is equated with domicile. A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "[D]omicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present

2

much of the time. An individual consequently may have several residences, but only one domicile." *Eastman v. Univ. of Mich.*, 30 F.3d 670, 673 (6th Cir. 1994). Therefore, to defeat defendants' motion to dismiss for lack of subject matter jurisdiction, plaintiff must show, with "competent proof" and by a preponderance of the evidence, that Zimmer resides either in New York or in Florida and that he intends to remain there.

Zimmer has submitted three declarations. In the first, dated April 10, 2019, he avers:

> 9. I have leased an apartment and relocated during the week to Florida for the purposes of performing my work for Kingswere.
>
> 10. My family, home, and residence remain in Michigan. I consider Michigan [] to be my true home.
>
> 11. I am registered to vote in Michigan, own property in Michigan, filed my 2016 and 2017 tax returns in Michigan, and have a Michigan driver's license. I also intend to file my 2018 tax returns in Michigan.

PageID.208. In his second declaration, dated April 17, 2019, Zimmer avers:

> 2. To clarify the declaration I made on April 10, 2019, . . . I filed my 2016 tax returns in Michigan and New York to reflect the time I spent in New York before I moved to and established my domicile in Michigan.
>
> 3. Since then, I filed my 2017 tax returns in Michigan, and filed an extension to file my 2018 tax returns, which I intend to file in Michigan.
>
> 4. In addition to the home I own in Michigan, which is my primary residence and where my family resides, I also own real estate in Pennsylvania and New York.
>
> 5. I have four cars (three of which I own, and one I lease).

3

> Three of my cars are registered in Michigan, and one is registered in New York, which sits in the driveway of the property I own in New York and plan to sell.

PageID.301. In his third declaration, dated May 22, 2019, Zimmer avers:

> 2. . . . A copy of the Michigan Department of State webpage confirming my registration to vote in Michigan is attached hereto as Exhibit 1; and a redacted copy of my Michigan driver's license is attached hereto as Exhibit 2.
>
> 3. At the time Plaintiff Art Van Furniture, LLC filed suit in this matter, I did not reside in Florida with the intent to remain there indefinitely.
>
> 4. To this day, I do not reside in Florida with the intent to remain there indefinitely.
>
> 5. To the contrary, from the date Plaintiff Art Van Furniture, LLC filed suit in this matter, to this date, I never intended to make my home anywhere other than Michigan.
>
> 6. Though I lease an apartment and relocate to Florida during the week to work for Kingswere Furniture, LLC, I always eventually return to my family, home, and residence in Michigan.
>
> 7. Michigan is my home. I intend to remain in Michigan indefinitely. I am domiciled in Michigan.

PageID.343.

Zimmer's averments indicate that he and his family live in Michigan, that he intends to remain in Michigan, and that he travels to Florida and stays in an apartment there during the week merely for work purposes. Plaintiff appears to concede that Zimmer was domiciled in Michigan while he worked for plaintiff from 2016 to 2018, but it argues that Zimmer has not shown his "intent to remain in Michigan since he started his new job with

4

Ashley/Kingswere in January of 2019." Pl.'s Resp. Br. at 5. In an effort to cast doubt on Zimmer's intent to remain in Michigan, plaintiff points to a provision of Ashley Furniture's offer letter stating that Zimmer "will be eligible for a lump sum payment of $10,000 to assist you in your move to Tampa, FL in accordance with the standard Relocation Policy." Compl., Ex. D. Plaintiff also points to the fact that Zimmer "owns property in New York and Pennsylvania, filed tax returns in New York in 2016, and has a car registered in New York. Public records further show he is registered to vote in New York and has a New York driver's license." Pl.'s Resp. Br. at 5

Plaintiff has not met its burden to show by a preponderance of the evidence that Zimmer intends to remain in Florida. All plaintiff has shown is a fact that Zimmer readily concedes, namely, that he has an apartment in Tampa because his new position requires him to be there during the week. Ashley Furniture's offer to pay for Zimmer's "relocation" expenses is not evidence of Zimmer's intent to remain in Florida but only that Zimmer now has a residence there. But residence, minus intent to remain permanently, does not equal domicile. Nor do the facts that Zimmer owns property in, or that he has paid taxes in, or that he has a driver's licence from another state shed any light on the critical question of where he presently resides and intends to remain. Zimmer's New York voting registrations are equally unenlightening, as they show only that Zimmer was registered in Staten Island, New York, in 1997 and in Glen Cove, New York, in 2013, not where he is registered currently. In contrast, Zimmer avers that he is currently registered to vote in Michigan, that he lives in Florida only during the week and only for work purposes, that Michigan is his and his

5

family's home and the place of his primary residence, and that he intends to remain in Michigan indefinitely.

The preponderance of the evidence establishes that Zimmer is domiciled in, and therefore a citizen of, Michigan. As plaintiff is also a citizen of Michigan, there is no diversity of citizenship, and this Court has no jurisdiction pursuant to § 1332(a). Accordingly,

IT IS ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction [docket entry 17] is granted.

IT IS FURTHER ORDERED that plaintiff's motion for expedited discovery [docket entry 3] is denied as moot.

                                s/Bernard A. Friedman  
Dated: June 11, 2019       BERNARD A. FRIEDMAN  
      Detroit, Michigan     SENIOR UNITED STATES DISTRICT JUDGE